Hill & Cutler Company
vs.                   No. 84236
Joseph Percelay Appt

June 9, 1931.

POULIOT, J. This is an action brought by the plaintiff to recover from the defendant the contract price of certain bales of oily mops, part of which were delivered to the defendant, he refusing to accept delivery of the balance. After a verdict by the jury in the sum of $1,000, defendant moves for a new trial on the usual grounds.

The issue was one of fact. In January, 1929, the defendant went to the plaintiff's place of business in New Bedford and, after examination of parts of bales of oily mops, purchased

a quantity of them at an agreed price. The delivery of the first lot was delayed until June, the defendant having had a fire in his plant and being unable prior to that time to take delivery of them. In November, when the plaintiff attempted to deliver the remaining bales, the defendant refused to accept them. In the meantime the defendant had made two payments to the plaintiff on account of the purchase prior of the merchandise.

The defendant contended that when the merchandise was delivered to his plant in Central Falls, the oily mops contained a high percentage of water which increased their weight and that the mops sent to him were, therefore, not the same mops which had been shown to him in New Bedford. The plaintiff explained that the mops were stored in a cemented, dry, basement storehouse where the water or elements could not reach them, and where there was no possibility of their becoming wet from any source. It appears, further, that on the day the bales were trucked from New Bedford to Central Falls, the weather was dry and the truckmen testified they encountered no rain or water on the road.

The issue was: Did the defendant receive the material which he had bought in New Bedford? The jury evidently believed the plaintiff's story and there is ample evidence upon which a verdict for the plaintiff can be predicated.

The defendant, in arguing his motion for a new trial, thought he had discovered an error made by the jury in computing damages. In figuring out interest, he called the attention of the Court to the fact that interest from the date of the writ to the time of the trial would amount to considerably less than what the jury added to the amount of the bill, the claim having been made by the plaintiff that the balance due was $934.85, but the Court's charge to the jury was that the plaintiff, if entitled to recover, was also entitled, in addition to the amount of the bill, to recover interest on it from the date that demand was made on defendant by the plaintiff and that if no date of such demand were found, then the jury was to take it that demand had been made on the date of the writ. It appears in testimony that demand was made by the plaintiff at various times prior to the commencement of suit and the jury may well have had in mind one of the dates mentioned by the plaintiff and figured the interest from that time.

The Court feels that the verdict is a just one and approves it. Defendant's motion for a new trial is therefore denied.

For plaintiff: Raymond & Semple.
For defendant: Max Winograd.

